UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RAFAEL FERNÁNDEZ-HERNÁNDEZ,

 Petitioner,

 v.

UNITED STATES OF AMERICA,

 Respondent.

Civil No. 12-1761 (JAF)

(Crim. No. 07-453-13 (JAF))

**OPINION AND ORDER**

 Petitioner Rafael Fernández-Hernández ("Fernández") comes before the court with a motion under 28. U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Crim. No. 07-453-13.  For the reasons set forth below, we deny this motion.

**I.**

**Background**

 In an indictment and a superseding indictment from October 25, 2007 and August 22, 2008, Fernández and sixty-two other individuals were charged with participation in a conspiracy to distribute drugs from 1998 to 2007 in the Cataño and Guaynabo areas of Puerto Rico.  The indictments alleged that the organization, "Los Dementes," sold drugs at street level and based its operations in the Juana Matos Public Housing Project, where apartments were used to store, package, and process narcotics, including heroin, cocaine, cocaine base ("crack-cocaine"), and marijuana for later sale. United States v. Fernández-Hernández, 652 F.3d 56, 61-62 (1st Cir. 2011) (quoting Crim. No. 07-453, Docket No. 3). Fernández was also indicted on firearms charges arising out

of an attempt to assassinate a rival gang leader on April 25, 2004, and out of the associated murder of three innocent people. Fernández-Hernández, 652 F.3d at 60.

Fernández was tried before a jury and, on October 17, 2008, he was convicted on five counts. (Crim. No. 07-453, Docket No. 1439.) He was found guilty of possession with intent to distribute at least one-hundred and fifty (150) grams of crack cocaine and at least five (5) kilograms of cocaine in violation of 21 U.S.C. §841(a)(1), 846, and 860. Fernández was also found guilty of conspiracy to possess with intent to distribute cocaine in a protected location in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), (b)(2), and 860. Finally, he was convicted of using and carrying a firearm in relation to a drug-trafficking offense, as well as conspiracy to do so, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(2) and (o). On February 2, 2009, we sentenced Fernández to four-hundred-eighty (480) months on count one, life imprisonment on counts three and four, and two-hundred-forty (240) months for count seven, to be served concurrently; and to life imprisonment for count six, to be served consecutively. The sentence also included supervised release, a $500 assessment, and $4,500 in restitution. (Crim. No. 07-453, Docket No. 1696.) Fernández appealed his conviction, and it was upheld by the First Circuit. Fernández-Hernández, 652 F.3d at 56.

On September 14, 2012, Fernández filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket No. 1.) The United States filed a response in opposition on November 14, 2012. (Docket No. 4.) On December 5, 2012, the government filed a motion to supplement the record with a missing attachment. (Docket No. 6.) On January 28, 2013, Fernández filed a motion to clarify his earlier petition. (Docket No. 9.) On the same day, Fernández filed a motion to stay proceedings. (Docket No. 10.) On February 22, 2013, Fernández filed a reply to the

government's response. (Docket No. 11.) On March 15, 2013, Fernández filed a motion to consolidate his cases with a codefendant's two pending habeas petitions. (Docket No. 12.) We denied this request to consolidate. (Docket No. 14.) On March 15, 2013, Fernández also filed a motion to appoint counsel combined with a motion for an evidentiary hearing. (Docket No. 13.)

We have jurisdiction to hear this case pursuant to 28 U.S.C. § 2255, because Fernández is currently in federal custody having been sentenced by this District Court. To file a timely motion, Fernández had one year from the date his judgment became final. 28 U.S.C. § 2255(f). His judgment became final on the last day that he could have filed a petition for a writ of certiorari, which was ninety days after the entry of the Court of Appeals' judgment. SUP. CT. R. 13(1); Clay v. United States, 537 U.S. 522 (2003). Because Fernández filed his appeal on September 14, 2012, just shy of one year and ninety days from June 30, 2011, his petition is timely.

## II.

## Discussion

Fernández claims that he had ineffective assistance of counsel; that he was a minor at the time of the offense; that his convictions and sentences violated double jeopardy; that he was denied due process and suffered other constitutional violations; that we lacked jurisdiction to decide his case; and that he had ineffective assistance of appellate counsel. (Docket No. 1.) He also asks to join his habeas proceeding with the proceedings of his codefendant and he asks for an evidentiary hearing. Id. Further, Fernández argues that the government breached a prior plea agreement. (Docket No. 9-10.) He asks us to make a full in-camera review of the government's materials. (Docket

No. 10.) He also asks for leave to expand the record. (Docket No. 13.) For the reasons set forth below, we deny each of these claims and requests.

**A.    Claim Preclusion and Waiver**

The United States first argues that Fernández's claims pertaining to 1) age minority and cruel and unusual punishment; 2) double jeopardy; 3) denial of due process, and 4) lack of jurisdiction, are matters that were not raised prior to trial, during trial, at sentencing or on appeal, and that Fernández is, therefore, precluded from raising them in this collateral appeal. (Docket No. 4.)

Generally, a party is precluded from raising an issue on appeal if they do not make a specific, timely objection at or before trial or sentencing. Puckett v. U.S., 556 U.S. 129, 133 (2009). However, a party does not need to have raised a contemporaneous objection if the error was "plain" or if it relates to a lack of jurisdiction. FED. R. CRIM. P. 52(b); U.S. v. Cotton, 535 U.S. 625, 630 (2002). To grant relief for plain error, the error must be "clear" or "obvious" and must affect defendant's "substantial rights," such that it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." U.S. v. Olano, 507 U.S. 725, 732-33 (1993) (internal citations omitted). This analysis of plain error must be informed by the entire record of the case. U.S. v. Antonakopoulous, 399 F.3d 68, 78 (1st Cir. 2005). In habeas cases, it is even more difficult to overcome procedural default. Usually, we will not entertain a motion if the movant did not raise the claim before trial, at trial, or on direct appeal unless the movant can show cause for the failure to assert the claim in earlier proceedings and actual prejudice from the alleged error. U.S. v. Frady, 456 U.S. 152, 162-71 (1982). Therefore, all of Fernández's claims other than lack of jurisdiction are procedurally barred. He has shown no cause for failing to raise these issues earlier and he has not shown that they would have been likely to

change the outcome of the proceeding. Nonetheless, we will discuss why they also fail on their merits.

The United States further argues that most of Fernández's claims should be deemed waived as they are conclusory without any attempt at developed argumentation. See Cody v. United States, 249 F.3d 47, 53 n.6 (1st Cir. 2001). This is true for many claims, which we will discuss in turn.

**B.     Ineffective Assistance of Counsel**

Fernández alleges that he had ineffective assistance of counsel because his lawyer failed to negotiate a timely plea. (Docket No. 1 at 3.) He says that he asked his lawyer to negotiate a plea agreement during pretrial proceedings, but that when he asked later, his lawyer said he had not had time to negotiate a plea. (Docket No. 1 at 4-5.)

The record belies Fernández's assertions. The transcript of a disposition hearing reads as follows:

> AUSA Massuco: [A]nd then there are the two defendants, there is Angel Gonzalez Mendez and Rafael Fernandez Hernandez. Those two defendants have declined the Government's offers to plead guilty.

(Crim. No. 07-453, Docket No. 1843 at 4.) The government extended another plea agreement on September 9, 2008. (Docket No. 6-2.) Fernández had the option to accept this plea agreement and, therefore, his allegations have no factual basis.

**C.     Minor Status**

Fernández claims that he was a juvenile when he committed the murder and that, therefore, the life sentence we imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment. (Docket No. 1 at 6); See Miller v. Alabama, 132 S.Ct. 2455, 2469 (2012).

The murders occurred on April 25, 2004. Fernánez-Hernández, 652 F.3d at 68. The record reflects that Fernández was born on September 4, 1984 (Docket No. 4); see (Crim. No. 07-453-13, Docket No. 1669 (Presentence Investigation Report is held under seal)). Therefore, Fernández would have been over the age of eighteen at the time of the offense, and Miller is not applicable.

**D.     Double Jeopardy Violation**

The Double Jeopardy Clause of the Fifth Amendment prohibits "for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after a defendant has been acquitted; (2) a second prosecution for the same offense after a defendant has been convicted; and (3) multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498 (1984).

Fernández argues that his convictions for 21 U.S.C. §§ 841(a)(1) and 860 constitute double jeopardy because 841(a) is a lesser included offense of 860. (Docket No. 1 at 7.) The double jeopardy clause constrains the courts, but the legislature can constitutionally choose to authorize cumulative punishments or prosecutions. See Garrett v. U.S., 471 U.S. 773, 793 (1985). If the same act violates two separate statutory provisions, multiple charges and punishments in a single prosecution are allowed if "clearly expressed legislative intent" supports this reading. Mo. v. Hunter, 459 U.S. 359, 368 (1983). Fernández's harsher statute of conviction, 21 U.S.C. § 860, doubles the penalty if a person violates section 841(a)(1) within one thousand feet of a public housing facility. 21 U.S.C. § 860 (2013). It is clear on the face of the statute that the legislature intended to authorize a higher penalty for the same offense when it was committed in a protected location.

Fernández also argues that imposing a special assessment of $100 for each offense amounts to double jeopardy and is a violation of 18 U.S.C. § 3013. However, the First Circuit has held that an assessment should be charged for each count of conviction, even when there are simultaneous convictions on multiple counts. U.S. v. Luongo, 11 F.3d 7 (1st Cir. 1993). Fernández also argues that that sentencing him to multiple life sentences amounts to double jeopardy because the life sentences were to run concurrently, although they had consecutive special assessments imposed. (Docket No. 1 at 7.) These claims should be deemed waived as they are conclusory without any attempt at developed argumentation. See Cody, 249 F.3d at 53 n.6.

Fernández also argues that his convictions for 18 U.S.C. 924(c)(1)(a)(1) amounted to double jeopardy "because count 6 and 7 of the superseding indictment were not joined to a single predicate underlying count as required by law." (Docket No. 1 at 8.) However, on direct appeal, the First Circuit found that the charges added in the superseding indictment "did not expand the scope of the evidence as to the Defendants," because the evidence encompassed by the new charges "would have been admissible even if the superseding indictment had not been filed." Fernández-Hernández, 652 F.3d at 73.

Fernández also argues that "charging consecutive conspiracies with the exact dates" constituted double jeopardy, as did alleging multiple aiding and abetting offenses. (Docket No. 1 at 9.) Counts two through five charged aiding and abetting offenses for conspiracies to distribute different controlled substances. (Docket No. 4 at 14.) Therefore, each required proof of an element that the other did not -- the unique controlled substance – and, therefore, survives the Blockburger test of double jeopardy. Id.; Blockburger v. United States, 284 U.S. 299, 304 (1932). Further, a substantive

crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. United States v. Felix, 503 U.S. 378, 389 (1992). Conspiracy and aiding and abetting are also different crimes for double jeopardy purposes. Iannelli v. United States, 420 U.S. 770, 777 n.10 (1975). Finally, Fernández alleges that double jeopardy was committed when the jury acquitted on some counts but returned guilty verdicts on others. (Docket No. 1 at 9.) Double jeopardy does not prevent leniency in parts of the jury verdict. See Ohio v. Johnson, 467 U.S. 493, 498 (1984).

**E.    Due Process and Related Claims**

Fernández claims that he was denied due process of law when he was not granted a new trial on all gun counts after being acquitted of some. He alleges this violates principles of collateral estoppel. (Docket No. 1 at 9.) However, Fernández was convicted and sentenced on both of the firearms counts (counts six and seven) and acquitted of none. (Crim. No. 07-453-13; Docket No. 1696.)

Fernández also argues that his sentence amounted to the infliction of excessive fines and penalties and cruel and unusual punishment prohibited by the Fifth, Sixth, and Eight Amendments of the Constitution." (Docket No. 1 at 9)(sic). He provides no legal support for this conclusion. These arguments are conclusory without any attempt at developed argumentation and, therefore, we deem them waived. See Cody, 249 F.3d at 53 n.6.

**F.    Lack of Jurisdiction**

Fernández claims that we lacked jurisdiction to sentence him. He claims that his convictions and sentences were obtained through "1) Fraud upon the grand jury; 2) fraud upon the petit jury; 3) fraud upon the court; and 4) fraud by the court upon the deliberating jury." (Docket No. 1 at 10.)

He first claims that the prosecution "suppressed evidence and supported perjury" before the grand jury. Id. However, he provides no support for this argument.

He next claims that federal officers "did willfully, intentionally, and knowingly suppress all evidence of petitioner's income obtained through armed bank robberies" in order to establish the credibility of the government witnesses. (Docket No. 1 at 10-11.) Again, this argument lacks specificity, and Fernández offers no legal argument for its importance.

Fernández also alleges that there was a violation of the law because the prosecution pressed for a life sentence if he would not become a cooperating witness. (Docket No. 1 at 11.) This is simply the mechanics of plea bargaining. The prosecutors had a legal right to press for life sentence if he was convicted of these charges, but offered to argue for a lower sentence as part of a plea negotiation. Fernández can cite no law which states that plea negotiations are illegal.

Fernández also claims that his convictions and sentences were obtained and imposed in violation of the application of the ex-post-facto laws because 18 U.S.C. § 924(o) did not exist at the time of the offense. Id. However, the firearms conspiracy statute at issue here, 18 U.S.C. § 924(o), was included in the 1998 version of the statute, well before the 2004 murders of which Fernández was convicted. 18 U.S.C. § 924(o)(1998); Fernández-Hernández, 652 F. 3d at 60.

**G.     Ineffective Assistance of Appellate Counsel**

Fernández raises an ineffective assistance of counsel claim because his appellate lawyer did not raise these issues during his appeal. (Docket No. 1 at 11.) However, claims of ineffective assistance of appellate counsel are measured under the Strickland standard. Evitts v. Lucy, 469 U.S. 387 (1985). To prove a claim of ineffective assistance

of counsel, Fernández must show that both: (1) the attorney's conduct "fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Wash., 466 U.S. 668, 688-94 (1984). Because we already determined that Fernández's claims lack merit, he cannot satisfy the second prong of the test. This claim fails.

**H.   Joinder**

Fernández asked to join or incorporate any issues raised by his codefendants. (Docket No. 1 at 12.) We previously denied his motion to consolidate his case with the habeas petitions of his codefendants. (Docket No. 14.)

**I.   Evidentiary hearing**

Fernández requests an evidentiary hearing to expand the record. (Docket No. 1 at 12.) Given our rulings on the issues he has raised, we do not believe there are grounds to expand the record.

**J.   Motion to Clarify Ground Seven**

Fernández argues that the United States breached a plea agreement in his other criminal case, a bank robbery. He claims the government told him "none of the evidence, nor investigation, witnesses, conspiracy etc., surrounding crim. No. 04-217(PG) could never be again mentioned/used against us, or use our names in any other criminal proceedings or within another indictment." (Docket No. 9 at 3.) However, Fernández does not point to such language in the agreement. He does submit the agreement of his codefendant González, which includes the following disclaimer: "Pursuant to the D.O.J. policy, we hereby advise to your client that there may be other future investigations involving your client for events unrelated to this case." (Docket No. 10-4 at 4.)

Especially given that language in his codefendant's plea agreement, it seems implausible that the government would have prospectively agreed not to indict Fernández for future crimes.

**K.     Motion for Leave to Stay the Proceedings Until the Court Makes a Full In Camera Review of the Government's Material, Documents, etc.**

Fernández moves us to stay the proceedings until we make a full in-camera review of the government documents he requested, including 1) grand jury transcripts that occurred under both of his criminal trials; 2) a review of all notes and statements that were written by any prosecutor, agents, agencies, or law enforcement officer surrounding any witnesses they interviewed related to either criminal case; 3) witness Heredia's "presentencing report" with any notes or associated documents; 4) the government's witnesses statements; and 5) any other document, material, videotape, or recording held by the government which is related to this case. (Docket No. 10 at 2-3.) In the alternative, Fernández requests an extension of time to clarify ground seven of his petition regarding subject matter jurisdiction. (Docket No. 10 at 4.)

In the attached exhibits, Fernández submits a motion by his codefendant, Angel González-Méndez ("González"), claiming that by not producing this information, the government has committed Brady and Giglio violations. (Docket No. 10-3 at 8.) In a Brady violation, the prosecution violates due process by suppressing evidence that is both favorable to an accused and "material either to guilt or to punishment." Brady v. MD, 373 U.S. 83, 87 (1963). A Giglio violation concerns newly-discovered evidence. See Giglio v. U.S., 405 U.S. 150 (1972). For his evidence, Fernández introduces a Rule 404(b) motion submitted by the government in codefendant González's case, in which the government proposed to introduce evidence that González participated in unlawful

activity to pay for illegal drugs in support of his drug points in furtherance of the conspiracy. (Docket No. 10-4 at 3.) This evidence is not newly discovered and is, therefore, not a Giglio violation. Further, it is not favorable to Fernández and material to Fernández's guilt, and it is, therefore, not a Brady violation. Further, we decline to provide an extension of time because Fernández has already submitted a motion clarifying his reasoning for ground seven of his habeas petition. (Docket No. 9.)

**L.    Motion for leave to expand the record**

Fernández moves the court to expand the record. (Docket No. 13.) This motion rehashes arguments that have been made in his previous motions and is likewise denied. Id.

### III.

### Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Fernández has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Fernández may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## IV.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Fernández's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Fernández is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 27th day of December, 2013.

                                                                                       S/José Antonio Fusté  
                                                                                       JOSE ANTONIO FUSTE  
                                                                                      U. S. DISTRICT JUDGE